IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT F. LANKSTER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-00236-KD-N |
| | ) | |
| APPLE, INC. and VERIZON WIRELESS, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, Albert F. Lankster, Sr., filed this action on April 22, 2013 (doc. 1) and thereafter filed a motion to proceed without prepayment of fees (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). The Court denied plaintiff's motion to proceed without prepayment of fees on April 24, 2013 (doc. 3) and affirmed that order on both May 1, 2013 (doc. 6) and May 28, 2013 (doc. 11). In the last Order dated May 28, 2013 (doc. 11), Plaintiff was ordered to pay his filing fee by no later than June 13, 2013 and cautioned that "**FAILURE TO PAY THE FILING FEE AS REQUIRED ABOVE SHALL RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH THE COURT'S ORDERS.**" (Doc. 11, emphasis in original). Plaintiff has, nonetheless, neither paid the requisite filing fee or sought an additional extension of time within which to do so. Consequently, this action is now before the undersigned on Plaintiff's failure to pay the filing fee.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by paying the required filing fee, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice.  Link v. Wabash R.R. , 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002)(holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

For the reasons stated above, it is the recommendation of the undersigned Magistrate Judge that this action be **DISMISSED without prejudice** for failure to pay the requisite filing fee and to obey the Orders of this Court.

In the present action, if plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for his failure comply with the

Court's order and to pay the filing fee.  <u>Wilson</u>, 414 F.3d at 1320 (*citing* to <u>Hatchet v. Nettles</u>, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  17th  day of June, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**